IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON PATRICK JONES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-1792-L** |
| | § | |
| **SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss (Doc. 6), filed July 16, 2018. For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss (Doc. 6).

### I. Factual Background and Procedural History

Plaintiff Jason Patrick Jones ("Jones" or "Plaintiff"), a *pro se* litigant, filed a petition in County Court at Law No. 4, Dallas County, Texas, on June 28, 2018, seeking back pay and damages of approximately $25,000 for alleged fraud committed by Defendant Social Security Administration (the "SSA") in connection with his social security benefits. The SSA removed the case to federal court under 28 U.S.C. 1442(a)(1)[1] and moved to dismiss the action for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Plaintiff did not file a response to the motion to dismiss. Absent subject matter jurisdiction, the court cannot address the merits of Plaintiff's claim against the SSA. For this reason, and because the court determines that the SSA's jurisdictional arguments are

---

[1] Section 1442(a)(1) provides that a civil action commenced in state court against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office" may be removed to federal court.

**Memorandum Opinion and Order – Page 1**

dispositive, it focuses on the SSA's Rule 12(b)(1) motion without reaching its request for dismissal under Rule 12(b)(6).

## II.     Motion to Dismiss Under Rule 12(b)(1)

In support of its motion under Rule 12(b)(1), the SSA contends that this action must be dismissed for lack of subject matter jurisdiction because: (1) Plaintiff's fraud or misrepresentation claim is barred by sovereign immunity; and (2) the court is deprived of jurisdiction under the derivative jurisdiction doctrine over any claim by Plaintiff originally filed in state court challenging a social security benefits determination.

### A.     Legal Standard

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The court cannot assume that it has jurisdiction; rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the

**Memorandum Opinion and Order – Page 2**

court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). When, as here, the defendant makes only a "facial attack" on jurisdiction, the court looks only to the sufficiency of the allegations of the plaintiff's complaint, which are presumed to be true, or on the complaint as supplemented by undisputed facts. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

**B.     Analysis**

**1.     Sovereign Immunity**

"[E]xcept as authorized by Congress, the federal government and its agencies are immune from suit." *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251-52, (5th Cir. 2006) (citing *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996)). As a result, a "plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity." *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012). The Federal Tort Claims Act ("FTCA") "is the exclusive remedy for tort claims arising from the actions of government agencies or employees." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). "The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citation omitted).

As best as the court is able to ascertain, Plaintiff alleges that an unnamed SSA clerk incorrectly denied his request to make his mother the beneficiary payee for his social security benefits payments; incorrectly allowed his father, who is a felon, to be the beneficiary payee; and, as a result, his benefits were not processed or paid to him. Plaintiff alleges that he is entitled to damages totaling $25,000 for twelve-months' back pay for the SSA's "fraud of hiring a felon and the theft of his money because of this fraud." Pl.'s Pet. 2. Plaintiff alleges that the SSA

clerk acted purposefully in making his father the beneficiary payee of his social security benefit payments to allow his father to steal the benefits that belong to him. FTCA section 2680(h) excludes recovery for claims against the United States for misrepresentation or deceit. *In re Supreme Beef Processors, Inc.*, 468 F.3d at 252 (citing § 2680(h)). Accordingly, any claim by Plaintiff based on the state tort claim of fraud is excluded from the FTCA's limited waiver of sovereign immunity against a governmental agency such as the SSA. 28 U.S.C. § 2680(h). The court, therefore, lacks jurisdiction over Plaintiff's fraud claim.

### 2. Derivative Jurisdiction

Even if the court construes Jones's claim as one for mishandling or making an incorrect determination regarding his payee beneficiary that caused his social security benefits to not be paid to him or processed, it still lacks jurisdiction. Although the SSA generally pays social security benefits directly to beneficiaries, "it may distribute them 'for [a beneficiary's] use and benefit' to another individual or entity as the beneficiary's 'representative payee.'" *Washington State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 376 (2003) (citing and quoting 42 U.S.C. §§ 405(j)(1)(A), 1383(a)(2)(A)(ii)(I); and 20 CFR §§ 404.2001, 404.2010, 416.601, 416.610). "Whoever the appointee may be, the Commissioner of Social Security must be satisfied that the particular appointment is 'in the interest of' the beneficiary." *Id.* (citations omitted). Before making an appointment, the SSA Commissioner "must verify the potential representative payee's identity, connection to the beneficiary, and lack of relevant criminal record or prior misuse of Social Security funds" and "attempt to identify any other potential representative payee whose appointment may be preferred." *Id.* at 376 n.1. "'Any individual who is dissatisfied . . . with the designation of a particular person to serve as representative payee shall be entitled to a hearing by the Commissioner,' with judicial review

**Memorandum Opinion and Order – Page 4**

available thereafter." *Id.* (quoting 42 U.S.C. §§ 405(j)(2)(E)(i), 1383(a)(2)(B)(xi)). The Social Security Act sets forth the procedures and exclusive remedy for judicial review of SSA decisions. *See* 42 U.S.C. § 405(g). The Social Security Act makes clear that any challenge to an SSA decision must be brought in a federal district court. *See id.* § 405(g). The Social Security Act further provides that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

*Id.* § 405(h). Thus, Jones was required to bring any challenge he has to the SSA's beneficiary payee appointment decision in federal court, not state court.

Under the derivative jurisdiction doctrine, "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction. Thus, '[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.'" *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). In *Lopez*, the Fifth Circuit determined that the derivative jurisdiction doctrine continues to apply to actions such as this that are removed under section 1442. *Id.* Because Jones originally sued the SSA in state court, which lacks jurisdiction over Plaintiff's claim, regardless of whether it is construed as a fraud claim under state law or a challenge of a decision by the SSA under the Social Security Act, or both, this court also lacks jurisdiction, even though a claim for review of the SSA's decision could have been brought

originally by him in federal court if all jurisdictional prerequisites were met.[2] Dismissal of Plaintiff's claim(s) is, therefore, required under the derivative jurisdiction doctrine. As the court has determined that it lacks subject matter jurisdiction over this action, it need not address the SSA's arguments under Rule 12(b)(6).

### III. Conclusion

For the reasons herein explained, the court **grants** Defendant's Motion to Dismiss under Rule 12(b)(1), **dismisses without prejudice** this action for lack of subject matter jurisdiction, and **denies as moot** Defendant's Motion to Dismiss under Rule 12(b)(6).

**It is so ordered** this 31st day of October, 2018.

Sam A. Lindsay
United States District Judge

---

[2] Section 405(g) of the Social Security Act requires a plaintiff to exhaust necessary administrative remedies before bringing suit. The SSA alludes to this requirement in its motion but does not seek dismissal on this ground.

**Memorandum Opinion and Order – Page 6**